UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD C. GRUENTHAL,

        Plaintiff,

vs.                              Case No.   2:10-cv-421-FtM-29SPC

CARLSON RESTAURANTS WORLDWIDE, INC.,
doing business as TGI FRIDAYS,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Amended Complaint or in the Alternative for a More Definite Statement and to Strike (Doc. #16) filed on September 8, 2010. Finding no timely response, the Court entered an Order (Doc. #17) providing plaintiff an opportunity to respond by November 16, 2010. No response has been filed and the time to respond has expired. For the reasons stated below, the motion is due to be granted with leave to amend.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the

plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).  See also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly.  James River Ins. Co., 540 F.3d at 1274.  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

The Amended Complaint (Doc. #11) alleges plaintiff Richard C. Gruenthal (Gruenthal or plaintiff) was hired by defendant Carlson Restaurants Worldwide, doing business as TGI Fridays (defendant or Carlson), in November 1992 as a Manager earning $32,000 annually. Plaintiff was a Manager for defendant for 16 years without any

previous reprimands or negative performance reviews, and exceeded expectations. Prior to the termination of plaintiff's employment, a guest was over-served by a server or bartender and arrested. The police advised the Manager on Duty that it was now a police matter, and plaintiff was notified by voice mail the next day. Plaintiff was questioned and reprimanded, although the two other Managers who were involved in the incident were not questioned. On or about September 4, 2009, defendant offered plaintiff severance pay in consideration of a Release of liability. Plaintiff did not sign the Severance Agreement. Plaintiff was terminated at the age of 59 on the same day.

**A.**

Count I alleges a violation of the Age Discrimination in Employment Act (ADEA). The additional allegations in Count I of the Amended Complaint are that plaintiff was treated starkly different from other younger Managers in an unfriendly, aloof, and overly formal and hostile manner. Plaintiff also alleges that he was fired without even a cursory debriefing and that the termination caused great mental anguish and embarrassment. Plaintiff filed a Formal Charge with the Equal Employment Opportunity Commission (EEOC) and received a Right to Sue letter on or about April 3, 2010.

To establish a *prima facie* case of discrimination under the ADEA, plaintiff must show that he was (1) a member of a protected

age group; (2) subjected to an adverse employment action; (3) that he was qualified to do the job; and (4) replaced by or otherwise lost a position to a younger individual. <u>Anderson v. Embarq/Sprint</u>, 379 Fed. Appx. 924, 929 (11th Cir. 2010). A review of the Amended Complaint reflects that plaintiff generally alleges his age, that he was terminated, and that he was otherwise an ideal employee. Plaintiff however nowhere alleges that he was replaced by a younger Manager or that other older Managers were also terminated, or that other younger Managers were retained. Therefore, the motion to dismiss will be granted as to Count I, without prejudice.

**B.**

Count II alleges retaliation in violation of the Florida Civil Rights Act (FCRA). Under the Florida Civil Rights Act's anti-retaliation provision,

> [i]t is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

Fla. Stat. § 760.10(7). To establish a *prima facie* case of retaliation under the FCRA, plaintiff must show that (1) he engaged in a statutorily protected expression; (2) suffered an adverse employment action; and that (3) there is a causal link between the two. <u>Muggleton v. Univar USA, Inc.</u>, 249 Fed. Appx. 160, 163 (11th

Cir. 2007). Plaintiff presents no factual allegations in Count II to support a claim of retaliation, and identifies no statutorily protected statements or actions. Therefore, the motion to dismiss will be granted as to the Count II, which is dismissed without prejudice.

### III.

Although the Court has determined that the Amended Complaint fails to meet the requirements of Federal Rule of Civil Procedure 8, the Court will also address defendant's additional arguments because leave to amend will be granted.

**Section 1981:**

Defendant argues that no allegations or counts are based on 42 U.S.C. § 1981 despite plaintiff's inclusion of a reference under "Jurisdiction and Venue." The Court agrees. The Court however has jurisdiction based on the federal question presented under the ADEA, and the reference to Section 1981 appears to be simply superfluous.

**Timeliness of Charge:**

Defendant's argument that the plaintiff's Amended Complaint is untimely is incorrect. "If the EEOC issues the employee a right-to-sue letter, the employee must file a complaint within 90 days of the receipt of the right-to-sue letter." Bost v. Federal Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004). The Right to Sue letter was received on April 3, 2010, (Doc. #11, ¶ 23), and the

original Complaint was filed on July 1, 2010, within the 90 day period. The original Complaint did not contain the appropriate conditions precedent language, but plaintiff added the language in the Amended Complaint. Burnett v. Jacksonville, Fl., 376 Fed. Appx. 905, 907 (11th Cir. 2010). The Amended Complaint did not add any additional allegations outside the scope of the Right to Sue letter, and therefore the amended pleading remains timely. Caldwell v. Martin Marietta Corp., 632 F.2d 1184, 1187 (5th Cir. 1980)[1]("For the purpose of determining if the Title VII action is timely filed, therefore, the Court must go back to the time of filing of the original Complaint.").

Defendant further argues that because the Complaint did not comply with Fed. R. Civ. P. 8 it was not a "complaint" under Fed. R. Civ. P. 3, and therefore the action was never commenced. The complaint filed in this case, while insufficient, was far more extensive than in Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147 (1984), and satisfies the requirements set forth in Judkins v. Beech Aircraft Corp., 745 F.2d 1330, 1332 (11th Cir. 1984).

**Inadequacy of Charge:**

Defendant argues that plaintiff has failed to exhaust his administrative remedies as to the retaliation claim because the

---

[1]In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

retaliation box was not checked on the Charge. The failure to check the appropriate box for retaliation is not necessarily fatal to plaintiff's claim because a retaliation claim can be "inextricably intertwined" and "reasonably related" to the factual allegations such that the EEOC would have considered it during their investigation. Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004). The Charge states as follows:

> 1) I am 59 years in age. I was employed by [Carlson] as General Manager. While employed there was an incident regarding a guest that was overserved by server/bartender. The police arrested the guest. During this incident two managers were also involved but I was the only one terminated.
>
> 2) I believe I was terminated because of my age.
>
> 3) I believe [Carlson] terminated me because of my age in violation of The Age Discrimination in Employment Act of 1967, as amended.

(Doc. #11-1.) In this case, plaintiff alleges retaliation under the Florida Civil Rights Act in Count II. Nothing in Count II or in the EEOC Charge alleges a factual basis for a retaliation claim. Therefore, the motion to dismiss will be granted as to Count II for failure to exhaust.

**Shotgun Pleading:**

The failure to articulate claims with sufficient clarity to enable defendant to properly frame a response constitutes a "shotgun pleading." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 980 (11th Cir. 2008). The Eleventh Circuit has held that "[t]his type of pleading completely disregards Rule 10(b)'s

requirement that discrete claims should be plead in separate counts . . . ." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001)(citing Anderson v. Dist. Bd. of Trs. of Cent. Fl. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996)). The Eleventh Circuit has routinely and explicitly condemned "shotgun pleadings" as time consuming for courts and harmful and costly to litigants. E.g., Davis, 516 F.3d at 979-984; Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial. Byrne, 261 F.3d at 1130.

Plaintiff incorporates paragraphs 1 through 22 into Count I, which starts at paragraph 21, and incorporates paragraphs 1 though 24 in Count II without providing any separate factual allegations to support the retaliation claim. The Court finds that the Amended Complaint clearly constitutes a "shotgun pleading" and is due to be dismissed on this additional basis. Plaintiff will be allowed the opportunity to file a second amended complaint.

**IV.**

Defendant seeks to strike the references to the Severance Agreement in paragraphs 18 through 20 of the Amended Complaint pursuant to Rule 12(f) and based on the restrictions of Rule 408. Under Fed. R. Civ. P. 12(f), "the Court may strike from a pleading

-8-

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The allegations in the relevant paragraphs state that plaintiff was offered severance pay in consideration for a Release. The Release was for all known or unknown claims related to plaintiff's termination and past employment, including under the ADEA. Plaintiff did not sign the Release.

Under Rule 408,

> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
>> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim. . . .

Fed. R. Evid. 408(a). If the facts are offered as to the issue of liability, the motion to strike is due to be granted. If offered for some other admissible purpose, for example to support a claim of retaliation, i.e., that plaintiff was fired because he refused the offer, the evidence may be admissible. "It is often difficult to determine whether an offer is made in compromising or attempting to compromise a claim. [ ] Both the timing of the offer and the existence of a disputed claim are relevant to the determination. [ ] . . . . The party seeking admission of an offer under those circumstances must demonstrate convincingly that the offer was not an attempt to compromise the claim." Pierce v. F.R. Tripler & Co.,

-9-

955 F.2d 820, 827 (2d Cir. 1992)(internal citations and quotations omitted). In this case, the purpose of the allegations is unclear, and the Amended Complaint is being dismissed for the reasons stated above. Therefore, the Court need not determine whether the allegations should be stricken, but defendant may renew its motion if the same allegations appear in a second amended complaint.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's Motion to Dismiss Amended Complaint or in the Alternative for a More Definite Statement and to Strike (Doc. #16) is **GRANTED** as to the Motion to Dismiss, and the Amended Complaint (Doc. #11) is **dismissed** without prejudice. The alternative motions for a more definite statement and to strike are **DENIED.**

2. Plaintiff may file a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   21st   day of December, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record