UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD C. GRUENTHAL,

        Plaintiff,

-vs-                                    Case No.  2:10-cv-421-FtM-29SPC

CARLSON RESTAURANTS WORLDWIDE,
INC., doing business as TGI FRIDAYS,

        Defendant.
_____

**ORDER**

      This matter comes before the Court on the Plaintiff Richard C. Gruenthal's Motion for Leave to File Third Amended Complaint (Doc. #21) filed on January 24, 2011.

      Under rule 15(a),  a party may amend the party's pleading as a matter of course within twenty-one (21) days after serving it or if the pleading is one which a responsive pleading is required twenty-one (21) days after service of the responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f) whichever, is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2).  "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999).  Thus, Rule 15(a) limits the court's discretion by requiring that

leave to amend must be "freely given when justice so requires." <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); <u>Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc.</u>, 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. <u>Laurie</u>, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" <u>Id.</u>

The Plaintiff represents that the Defendant opposes the filing of a Third Amended Complaint and has filed a Motion to Dismiss (Doc. # 19) the Second Amended Complaint. However, the Plaintiff states that:

> [t]he Second Amended Complaint as filed on January 3, 2011, was not the correct document approved for filing by the undersigned. The document approved was inadvertently neglected to be saved in the computer system of the undersigned's firm, and only the first draft was, thus the reason for the Second Amended looking identical to the original, which copy was used as a working copy in our computer system.

(Doc. # 21, ¶ 1). Thus, the wrong document was filed. As such, the Court finds good cause to allow the Third Amended Complaint to be filed so that this case maybe decided on the merits and not on a paperwork error.

Given that the Court has allowed the Third Amended Complaint to be filed, the Defendant's Motion to Dismiss the Second Amended Complaint (Doc. # 20) is due to be denied as moot.

Accordingly, it is now

**ORDERED:**

(1) The Plaintiff Richard C. Gruenthal's Motion for Leave to File Third Amended Complaint (Doc. #21) is **GRANTED**. The Clerk of the Court is directed to file the Third Amended Complaint as filed and attached to the Instant Motion as Exhibit 1 under separate docket entry..

(2) The Defendant Carlson Restaurants Worldwide d/b/a TGI Fridays' Motion to Dismiss the Second Amended Complaint (Doc. # 20) is **DENIED as moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this   25th   day of January, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record