UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD C. GRUENTHAL,

          Plaintiff,

vs.                        Case No.  2:10-cv-421-FtM-29SPC

CARLSON  RESTAURANTS  WORLDWIDE,
d/b/a TGI FRIDAYS,

          Defendant.
_____

## OPINION AND ORDER

    This matter comes before the Court on defendant's Motion to Dismiss Third Amended Complaint (Doc. #24) filed on February 7, 2011.  Plaintiff filed a Memorandum in Opposition (Doc. #25) on February 23, 2011.

    On December 21, 2010, the Court issued an Opinion and Order (Doc. #18) granting defendant's Motion to Dismiss Amended Complaint and dismissing without prejudice the Amended Complaint with leave to file a Second Amended Complaint.  In granting the motion, the Court found that plaintiff failed to allege "that he was replaced by a younger Manager or that other older Managers were also terminated, or that other younger Managers were retained."  (Doc. #18, p. 4.)  Therefore, the motion to dismiss was granted as to the claim of Age Discrimination in Employment Act (Count I).[1]

---

[1]The other findings are not relevant as to the current motion, and Count II is not re-alleged in the Third Amended Complaint.

**I.**

The standard of review and relevant law cited in the Opinion and Order (Doc. #18, pp. 1-2, 3-4) are incorporated herein and need not be repeated.  A review of the Third Amended Complaint[1] reflects the following additional relevant facts:  plaintiff was terminated at the age of 59 (Doc. #23, ¶ 11) as a General Manager; the person responsible for plaintiff's termination was the Regional Vice President for defendant (id., ¶ 13); at the time of termination, a younger duty manager was notified of an incident with the police and not reprimanded for the actions of the bartender (Doc. #23, ¶ 14); the two managers also involved in the incident were not reprimanded and were substantially younger than plaintiff who was reprimanded (id., ¶¶ 16, 17); plaintiff was replaced by a substantially younger person and the replacement is 16 years younger than plaintiff (id., ¶ 17); the disparaging treatment was age bias and plaintiff believes he was targeted for termination due to his age and seniority (id.); defendant used the incident to mask this real reason for his termination (id.); and a generational divide existed in the company (id., ¶ 24b).

**II.**

Defendant asserts that plaintiff fails to allege that the other Managers were similarly situated to plaintiff who served as

---

[1]An incorrect copy of the Second Amended Complaint was filed in error, and leave was granted to file a Third Amended Complaint. (Docs. #21, #22.)

General Manager, and that an adequate and identical comparator is required to allege disparate treatment.[2]  The cases relied upon by defendant are distinguishable from this case.[3]

Although Title VII provides guidance, a claim under the ADEA is reviewed under a modified standard of review.  <u>Pace v. Southern Ry. Sys.</u>, 701 F.2d 1383, 1385-86 (11th Cir. 1983).  In a disparate

---

[2]<u>See</u> <u>Burke-Fowler v. Orange County</u>, 447 F.3d 1319, 1323 n.2 (11th Cir. 2006)(calling into doubt "nearly identical" requirement).

[3]In <u>Morgan v. Napolitano</u>, No. Civ. S-09-2649 LKK/DAD, 2010 WL 3749260 (E.D. Cal. Sept. 23, 2010), plaintiff failed to allege that persons younger than him received preferential treatment or that they received promotions even though they were less qualified, and it was unclear under what theory plaintiff was proceeding.  <u>Lord v. City of Ozark</u>, 1:10-cv-451-WHA, 2010 WL 4780680 (M.D. Ala. Nov. 17, 2010) involved a Title VII race discrimination case where the Court found "identical misconduct" was not identified in the list of persons pled for comparison in the Complaint itself.  In <u>Goldstein v. Manhattan Indus., Inc.</u>, 758 F.2d 1435 (11th Cir. 1985), sufficient prima facie evidence was introduced to warrant submission to the jury, a jury verdict was rendered, and the Eleventh Circuit noted that whether a prima facie case had been shown was a factual question, and that "alternative proofs" may be considered, i.e., statistical evidence.  In <u>Pace v. Southern Ry. Sys.</u>, 701 F.2d 1383 (11th Cir. 1983), summary judgment was granted and it was noted that age discrimination cases require flexibility in analyzing whether a prima facie case has been established.  In <u>Foster v. Humane Soc'y of Rochester & Monroe County, Inc.</u>, 724 F. Supp. 2d 382 (W.D.N.Y. 2010), the complaint did not even indicate who did the firing, what if any reason was given for the firing, or whether plaintiff was replaced by a younger employee.  In <u>Liburd v. Bronx Lebanon Hosp. Ctr.</u>, No. 07 Civ. 11316(HB), 2008 WL 3861352 (S.D.N.Y. Aug. 19, 2008), the Court found that plaintiff's claims were "belied by her having been hired when she was forty-seven years old"; and in <u>Adams v. New York State Educ. Dep't</u>, No. 08 Civ. 5996(VM), 2010 WL 4742168 (S.D.N.Y. Nov. 18, 2010), unlike here, the Court found no allegation of the age of the person who replaced plaintiff and whether it would give rise to an inference of discrimination.

treatment case under the ADEA, the burden remains with plaintiff to establish that age was the "but-for" cause of the adverse action, and the burden does not shift.  Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2349 (2009).  The "similarly situated" analysis is applied in the context of a race or gender discrimination claim under Title VII, which is distinct from the ADEA.  Compare Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999)(finding no similarly situated male employee in identical position for race discrimination claim), with Mora v. Jackson Mem'l Found., Inc., 597 F.3d 1201, 1203-04 (11th Cir. 2010)(recognizing Gross), and Gross, 129 S. Ct. at 2352 n.5 (burden shifting framework under Title VII cannot be transferred to the ADEA).  A prima facie case may be established through statistical evidence, by showing plaintiff was fired and replaced by someone younger, or showing he was fired while others who are younger and less qualified were retained; or by demonstrating differing applications of disciplinary rules. Pace, 701 F.2d at 1388; Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1185 (11th Cir. 1984).

     At this stage of the proceedings, plaintiff need only allege sufficient facts to provide a short, plain statement, and need not plead facts establishing a prima facie case under the framework of McDonnell Douglas[4] in order to defeat a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002)("The prima

---

[4]McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

facie case under McDonnell Douglas, however, is an evidentiary standard, not a pleading requirement."). <u>Accord</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 546 (2007)(finding that the new plausibility standard does not run counter to <u>Swierkiewicz</u>). Taking all the allegations as true, the Court finds that the Third Amended Complaint states a plausible cause of action under the ADEA.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss Third Amended Complaint (Doc. #24) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of June, 2011.

_John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record